**FILED**

FEB 2 0 2001

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
　　　DEPUTY CLERK

1
2
3
4
5　　　　　　　　UNITED STATES DISTRICT COURT
6　　　　　　　　EASTERN DISTRICT OF CALIFORNIA
7　　　　　　　　　　SACRAMENTO DIVISION
8

| | |
|---|---|
| 9　CALIFORNIA INDEPENDENT SYSTEM OPERATOR CORPORATION, | No. Civ. S-01-0238 FCD (JFM) |
| 10 | [~~PROPOSED~~] INTERIM PROTECTIVE ORDER REGARDING CONFIDENTIAL INFORMATION |
| 11　　　　Plaintiff, | |
| 12　　v. | |
| 13　RELIANT ENERGY SERVICES, INC., et al., | |
| 14 | |
| 15　　　　Defendants. | |

16

17　　　　　　Pursuant to Federal Rule of Civil Procedure 26(c)(7), the parties request that the

18　Court enter the attached interim protective order. Because of the shortened time frame due to the

19　preliminary injunction hearing, the parties are conducting expedited discovery. We request that

20　the attached protective order be entered on an interim basis, in order to accommodate this

21　expedited discovery. However, the parties expressly reserve the right to seek modification of this

22　interim protective order by the Court at a future time.

23
24
25
26

21308967.9/23130-0004

95

1   DATED:  February 14, 2001.

2
                                          McCUTCHEN, DOYLE, BROWN & ENERSEN, LLP
3

4
                                          By: _____
5                                                      Terry J. Houlihan
6                                              Attorneys for the Reliant Defendants

7   DATED:  February 14, 2001.

8
                                          FARELLA BRAUN & MARTEL, LLP
9

10

11                                        By: _____
12                                                     Norma G. Formanek
                                              Attorneys for Plaintiff California
13                                            Independent System Operator Corporation

14  DATED:  February 14, 2001.

15
                                          PILLSBURY WINTHROP LLP
16

17

18                                        By: _____
19                                                     Michael J. Kass
                                              Attorneys for Defendant
20                                            Dynegy Power Corp.

21

22

23

24

25

26

---

*Calif. Ind. System Operator Corp. v. Reliant Energy Servs., Inc., et al.*, No. Civ. S-01-0238 FCD (JFM)
INTERIM PROTECTIVE ORDER REGARDING CONFIDENTIAL INFORMATION

1

1   DATED: February 14, 2001.

2

                           McCUTCHEN, DOYLE, BROWN & ENERSEN, LLP

3

4

5                           By: _____

                                   Terry J. Houlihan

6                              Attorneys for the Reliant Defendants

7   DATED: February 14, 2001.

8

9                           FARELLA BRAUN & MARTEL, LLP

10

11                          By: _____C. Braun wiff_____

12                             Norma G. Furmanek C. Braun wiff

13                            Attorneys for Plaintiff California

                            Independent System Operator Corporation

14   DATED: February 14, 2001.

15

16                           PILLSBURY WINTHROP LLP

17

18                          By: _____

19                               Michael J. Kass

                            Attorneys for Defendant

20                            Dynegy Power Corp.

21

22

23

24

25

26

       *Calif. Ind. System Operator Corp. v. Reliant Energy Servs., Inc., et al.,* No. Civ. S-01-0238 FCD (JFM)
           INTERIM PROTECTIVE ORDER REGARDING CONFIDENTIAL INFORMATION

1    DATED: February 14, 2001.

2                                    McCUTCHEN, DOYLE, BROWN & ENERSEN, LLP

3

4

5                                    By: _____
                                          Terry J. Houlihan
6                                        Attorneys for the Reliant Defendants

7    DATED: February 14, 2001.

8

9                                    FARELLA BRAUN & MARTEL, LLP

10

11                                   By: _____
                                          Norma G. Formanek
12                                       Attorneys for Plaintiff California
13                                       Independent System Operator Corporation

14   DATED: February 14, 2001.

15

16                                   PILLSBURY WINTHROP LLP

17

18                                   By: _Michael J. Kass/AJR_
19                                        Michael J. Kass
                                         Attorneys for Defendant
20                                       Dynegy Power Corp.

21

22

23

24

25

26

213080871.DOC                                                    TOTAL P.02

1    DATED: February 14, 2001.

2
                                            THE WILLIAMS COMPANIES, INC.
3

4

5                                           By: _____

6                                                Alex A. Goldberg
                                                 Senior Regulatory Counsel
7                                                Attorneys for Defendant Williams Energy

8    DATED: February 14, 2001.

9
                                            OFFICE OF THE ATTORNEY GENERAL
10                                          OF THE STATE OF CALIFORNIA

11

12
                                            By: _____
13                                               Hiren Patel
                                                 Deputy Attorney General
14                                               Attorneys for Intervenors People of the State of
                                                 California ex rel. Electricity Oversight Board
15

16   DATED: February 14, 2001.

                                            WILLIAMS & CONNOLLY, LLP
17

18

19                                          By: _____
                                                 Steve Raber
20                                               Attorneys for the AES Defendants

21

22   SO ORDERED.

23

24                                          _____

25

26

*Calif. Ind. System Operator Corp. v. Reliant Energy Servs., Inc., et al.,* No. Civ. S-01-0238 FCD (JFM)
INTERIM PROTECTIVE ORDER REGARDING CONFIDENTIAL INFORMATION
2

1  DATED: February 14, 2001.

2                                      THE WILLIAMS COMPANIES, INC.

3

4

5                                      By: _____
                                                Alex A. Goldberg
6                                               Senior Regulatory Counsel
                                          Attorneys for Defendant Williams Energy
7

8  DATED: February 14, 2001.

9                                      OFFICE OF THE ATTORNEY GENERAL
10                                     OF THE STATE OF CALIFORNIA

11

12                                     By: _____
13                                              Hiren Patel
                                                Deputy Attorney General
14                                        Attorneys for Intervenors People of the State of
                                           California ex rel. Electricity Oversight Board
15

16  DATED: February 14, 2001.

    WILLIAMS & CONNOLLY, LLP
17

18

19                                     By: _____
                                                Steve Raber
20                                        Attorneys for the AES Defendants

21
    SO ORDERED.
22

23

24                                     _____

25

26

*Calif. Ind. System Operator Corp. v. Reliant Energy Servs., Inc., et al.*, No. Civ. S-01-0238 FCD (JPM)
INTERIM PROTECTIVE ORDER REGARDING CONFIDENTIAL INFORMATION

2

1    DATED: February 14, 2001.

2
                                    THE WILLIAMS COMPANIES, INC.
3

4

5                                   By: _____
                                            · Alex A. Goldberg
6                                         Senior Regulatory Counsel
                                        Attorneys for Defendant Williams Energy
7

8    DATED: February 14, 2001.

9
                                    OFFICE OF THE ATTORNEY GENERAL
10                                  OF THE STATE OF CALIFORNIA

11

12                                  By: _____
13                                           Hiren Patel
                                          Deputy Attorney General
14                                 Attorneys for Intervenors People of the State of
                                    California ex rel. Electricity Oversight Board
15

16   DATED: February 14, 2001.
                                    WILLIAMS & CONNOLLY, LLP
17

18

19                                  By: _____
                                             Steve Raber
20                                     Attorneys for the AES Defendants

21

22   SO ORDERED.
          2-15-01
23

24                                  _____
25                                       U.S. Magistrate Judge
26

*Calif. Ind. System Operator Corp. v. Reliant Energy Servs., Inc., et al.*, No. Civ. S-01-0238 FCD (JFM)
INTERIM PROTECTIVE ORDER REGARDING CONFIDENTIAL INFORMATION

2

21308967

1

2

3

4

5   UNITED STATES DISTRICT COURT

6   EASTERN DISTRICT OF CALIFORNIA

7   SACRAMENTO DIVISION

8

| | |
|---|---|
| 9  CALIFORNIA INDEPENDENT SYSTEM OPERATOR CORPORATION, | No. Civ. S-01-0238 FCD (JFM) |
| 10 | **INTERIM PROTECTIVE ORDER REGARDING CONFIDENTIAL INFORMATION** |
| 11                Plaintiff, | |
| 12     v. | |
| 13  RELIANT ENERGY SERVICES, INC., et al., | |
| 14 | |
| 15                Defendants. | |
| 16 | |

17         IT IS HEREBY STIPULATED AND AGREED by and among the parties that the

18   Court may enter the following order:

19         **1.    Scope of Order.**

20         (a)    Pursuant to Rule 26(c)(7) of the Federal Rules of Civil Procedure, this

21   Protective Order Regarding Confidential Information ("Protective Order") governs the handling

22   of all material produced, disclosed or filed during discovery and other pre-trial proceedings in the

23   above-entitled action.

24         (b)    All documents, materials, items, discovery responses, deposition

25   transcripts and/or other information produced or disclosed before trial by any party or non-party

26   to this litigation (the "Producing Party") to or for any party to this litigation (the "Receiving

*Calif. Ind. System Operator Corp. v. Reliant Energy Servs., Inc., et al.*, No. Civ. S-01-0238 FCD (JFM)
INTERIM PROTECTIVE ORDER REGARDING CONFIDENTIAL INFORMATION
3

21308987.9

1   Party") (collectively, such material shall be referred to as "Information") shall be governed by

2   this Protective Order.

3          2.      **Confidential Designation.** Any Information produced or disclosed by a

4   Producing Party as part of pretrial proceedings in this litigation may be designated by such party

5   as (a) "Confidential" or (b) "Highly Confidential."

6          (a)     The Producing Party shall designate Information as "Confidential" only if

7   (*i*) the Producing Party has a reasonable, good faith belief that the Information so designated is a

8   trade secret or other confidential information within the meaning of Cal. Civ. Code § 3246.1, or

9   (*ii*) confidentiality is expressly required by the terms of the California Independent System

10  Operator Corporation's tariff as filed with the Federal Energy Regulatory Commission, or (*iii*)

11  the Information was received by the Producing Party from some other person or entity and the

12  Producing Party is contractually obligated to that person or entity to keep that Information

13  confidential.

14         (b)     The Producing Party shall designate Information as "Highly Confidential"

15  only where the Producing Party has a reasonable, good faith belief that a less restrictive

16  designation would either (*i*) work a clearly defined and serious injury to the Producing Party's

17  business or operations, or (*ii*) place the Producing Party in violation of the California

18  Independent System Operator Corporation's tariff as filed with the Federal Energy Regulatory

19  Commission.  It is understood that the "Highly Confidential" designation is an exceptional

20  designation and is to be used in good faith only to protect highly sensitive confidential

21  Information.

22         (c)     Information designated "Confidential" or "Highly Confidential" shall

23  include, but not be limited to:  (*i*) all copies, extracts, and complete or partial summaries prepared

24  from such Information that are designated as "Confidential" or "Highly Confidential"; (*ii*)

25  portions of deposition transcripts and exhibits thereto that contain, summarize or reflect any

26  "Confidential" or "Highly Confidential"  Information; and (*iii*) portions of briefs, memoranda, or

*Calif. Ind. System Operator Corp. v. Reliant Energy Servs., Inc., et al.*, No. Civ. S-01-0238 FCD (JFM)
INTERIM PROTECTIVE ORDER REGARDING CONFIDENTIAL INFORMATION
4

21308987.9

1   any other writings filed with the Court and exhibits thereto that contain, summarize or reflect the

2   "Confidential" or "Highly Confidential" Information.

3        **3.   Method of Designation.**  Any Producing Party may designate Information

4   as "Confidential" or "Highly Confidential" by stamping or affixing the legend

5   "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" to the physical objects or documents, in

6   the manner described below.

7        (a)   For documents and discovery responses, designation shall be made by

8   marking the document on each page containing confidential Information as "CONFIDENTIAL"

9   or "HIGHLY CONFIDENTIAL."

10       (b)   For depositions, designation of the portion of the transcript (including

11   exhibits) which contains designated Information shall be made by a statement to such effect on

12   the record during the course of the deposition, or by written notice to the court reporter and all

13   parties within 15 days after receipt of the transcript.  If the designation is made during the course

14   of a deposition the reporter attending such deposition shall thereafter bind the transcript in

15   separate portions containing the Information, and the reporter shall place the appropriate legend

16   on the cover of the confidential portions of the transcript.  (The parties may modify this

17   procedure for any particular deposition through agreement on the record at such deposition,

18   without further Court order.)

19       (c)   For physical things, it is sufficient for the Producing Party to affix a label

20   indicating that the thing is "Confidential" or "Highly Confidential."

21       (d)   All other Information not reduced to documentary, tangible or physical

22   form, or which cannot be conveniently labeled shall be designated by the Producing Party by

23   informing the other party (or parties) in writing at or before the time of disclosure or production.

24       (e)   All portions of briefs, pleadings or other filings with the Court which

25   incorporate or disclose confidential Information shall be appropriately labeled on the cover page

26   and filed under seal.  The party filing any such documents shall place the material being filed

*Calif. Ind. System Operator Corp. v. Reliant Energy Servs., Inc., et al.*, No. Civ. S-01-0238 FCD (JFM)
INTERIM PROTECTIVE ORDER REGARDING CONFIDENTIAL INFORMATION
5

21308987.9

1    with the Court in sealed envelopes or other appropriate sealed containers on which shall be

2    endorsed the title to this action, an indication of the nature of the contents of such sealed

3    envelope or other container, the term "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" and

4    a statement substantially in the following form: "This envelope containing documents which are

5    filed in this case by [name of party] is not to be opened nor the contents thereof displayed or

6    revealed except by order of the Court." The person filing any such document shall inform the

7    Clerk in writing that all or a portion designated thereof is subject to this Protective Order and is

8    to be kept under seal. Upon failure of the filing party to so designate, any party may do so. All

9    portions of pleadings or other court filings which incorporate or disclose designated Information

10   shall remain under seal until the Court orders otherwise.

11            (f)      In the event a party produces two or more identical or substantially

12   identical copies of a document and any such copy or substantially identical copy is designated

13   with a lesser degree of confidentiality than any other copy, all such identical or substantially

14   identical documents shall be treated in accordance with the most restrictive designation on any

15   copy or substantially identical copy once the inconsistent designation is known. The Producing

16   Party shall be responsible for informing the Receiving Party of the inconsistent designation;

17   however, if the Receiving Party has knowledge of the inconsistent designation, it shall so inform

18   the Producing Party and treat all copies or substantially identical copies in accordance with the

19   most restrictive designation. Nothing in this paragraph shall be construed to limit a party's right

20   under ¶ 5 herein to challenge the designation of Information as "Confidential" or "Highly

21   Confidential."

22            4.      **Access and Use.** In addition to meeting the other conditions and

23   requirements for obtaining access to confidential Information set forth in this Protective Order,

24   all persons described in this paragraph 4 (excluding those persons covered in subparagraphs

25   4(a)(1), (a)(4)-(a)(6) below) shall, before receiving or having access to Information designated

26

*Calif. Ind. System Operator Corp. v. Reliant Energy Servs., Inc., et al.*, No. Civ. S-01-0238 FCD (JFM)
INTERIM PROTECTIVE ORDER REGARDING CONFIDENTIAL INFORMATION

6

1   "Confidential" or "Highly Confidential," execute a Declaration in the form attached as Exhibit

2   A, indicating that they have read the Protective Order and will abide by its terms.

3          (a)     Any Information designated as "Confidential" shall be used only in the

4   above-entitled litigation between the parties (including appeals), and not for any other purpose,

5   and shall not be disclosed to anyone other than:

6                  (1)     Outside counsel of record for the Receiving Party, and counsel for

7   the Electricity Oversight Board (and, if the party is not represented by outside counsel in this

8   action, then inside counsel of record who are not engaged in competitive decisionmaking),

9   including partners, associates, clerks, paralegals, and stenographic and support personnel

10  assisting such counsel;

11                 (2)     Officers, directors, employees, and inside counsel and legal staff of

12  a party to this action who need to have access to "Confidential" Information to provide assistance

13  to counsel of record in this litigation.

14                 (3)     Independent non-party experts or consultants, and their employees,

15  retained by counsel of record for parties in this action for the sole purpose of providing expert

16  consultation or testimony in connection with this action.

17                 (4)     The Court, and court officials involved in this action (including

18  without limitation, court reporters, persons operating video recording equipment at depositions,

19  and any special master or magistrate appointed by the Court);

20                 (5)     Support vendors retained by outside counsel of record for functions

21  such as copying, document management, and graphics;

22                 (6)     Any person who was an author or lawful recipient of such

23  Information;

24                 (7)     Any witness testifying at a deposition who is an employee or

25  independent non-party expert for the Producing Party;

26

*Calif. Ind. System Operator Corp. v. Reliant Energy Servs., Inc., et al.*, No. Civ. S-01-0238 FCD (JFM)
INTERIM PROTECTIVE ORDER REGARDING CONFIDENTIAL INFORMATION

7

21308967.9

1          (8)      Any other person as to whom the Producing Party agrees in

2   writing.

3       (b)      Any Information designated as "Highly Confidential" shall be used only in

4   the above-entitled litigation between the parties (including appeals), and not for any other

5   purpose, and shall not be disclosed to anyone other than the persons qualified under

6   subparagraphs 4(a)(1) and (3)-(8) above, provided:

7          (1)      that Information designated as "Highly Confidential" shall not be

8   disclosed to anyone engaged in competitive decisionmaking, as defined below;

9          (2)      that prior to disclosing any Information designated as "Highly

10   Confidential" to any person listed in subparagraph 4(a)(3) above, the Receiving Party shall give

11   the Producing Party ten (10) days' notice, in writing, stating the name (and company name, if

12   applicable) of said person, as well as a description of the "Highly Confidential" Information that

13   the Receiving Party intends to provide to said person; and provided further, that the Receiving

14   Party shall not disclose such "Highly Confidential" Information (or such portion of it as specified

15   by the Producing Party), if the Producing Party provides a written objection to the Receiving

16   Party within that ten (10) day period. The Producing Party shall make such an objection only in

17   good faith.

18       (c)      All Information designated as "Confidential" or "Highly Confidential"

19   under the terms of this Protective Order shall be kept in secure facilities at the offices of persons

20   qualified to have access thereto. All counsel of record for the parties in this litigation who have

21   access to such confidential Information acknowledge that they are bound by this Protective Order

22   and submit to the jurisdiction of this Court for purposes of enforcing this Protective Order.

23       (d)      Nothing in this Protective Order shall prevent an employee of a party

24   (including inside counsel) or outside litigation counsel (whether or not counsel of record) from

25   attending any deposition, except that only persons entitled to receive "Confidential" or "Highly

26   Confidential" Information shall be present when such Information is disclosed at a deposition.

*Calif. Ind. System Operator Corp. v. Reliant Energy Servs., Inc., et al.*, No. Civ. S-01-0238 FCD (JFM)
INTERIM PROTECTIVE ORDER REGARDING CONFIDENTIAL INFORMATION
8

21308987.9

1    Counsel for the party seeking to disclose such "Confidential" or "Highly Confidential"

2    Information at a deposition shall, prior to disclosing such Information, advise counsel for all

3    other parties so that appropriate safeguards can be taken to ensure that only persons entitled to

4    receive such information pursuant to the terms of this Protective Order are present when such

5    Information is disclosed.

6         (e)    At any deposition session, when counsel for the testifying party or non-

7    party deems in good faith that the answer to a question will result in the disclosure of

8    "Confidential" or "Highly Confidential" Information, counsel shall have the option, in lieu of or

9    in addition to taking other steps available under the Federal Rules of Civil Procedure, to direct

10   that the testimony shall be treated as "Confidential" or "Highly Confidential" Information and

11   subject to the Protective Order.  Counsel for the testifying party or non-party whose

12   "Confidential" or "Highly Confidential" Information is involved may also request that all

13   persons other than the reporter, the witness, counsel and individuals specified in Paragraphs 4(a)

14   and (b) above, who may have access to such "Confidential" or "Highly Confidential"

15   Information, leave the deposition room during the confidential portion of the deposition.  The

16   failure of such other persons to comply with a request of this type shall constitute substantial

17   justification for counsel to advise the witness that the witness need not answer the question.

18        (f)    Nothing herein shall impose any restriction on the use or disclosure by a

19   party of its own Information.  Nor shall this Protective Order be construed to prevent any party or

20   its counsel or outside experts from making use as they see fit of Information which is lawfully

21   available to the public or lawfully in the possession of the party, counsel or expert prior to

22   another party's producing them in the above entitled action, or which properly came into the

23   possession of the party, counsel or expert independent of any work in the above-entitled action.

24        (g)    Any person receiving Information designated as "Confidential" or "Highly

25   Confidential" shall not disclose such Information to any person who is not entitled under this

26   Protective Order to receive such Information.

*Calif. Ind. System Operator Corp. v. Reliant Energy Servs., Inc., et al.*, No. Civ. S-01-0238 FCD (JFM)
INTERIM PROTECTIVE ORDER REGARDING CONFIDENTIAL INFORMATION

21308987.9

1           (h)     The inadvertent production of Information without appropriate designation

2  of confidentiality shall not be deemed a waiver of any claim of the confidential nature of any

3  such Information. Upon receiving notice from the Producing Party that "Confidential" or

4  "Highly Confidential" Information has not been appropriately designated, all such Information

5  shall be redesignated and treated appropriately. The party receiving such "Confidential" or

6  "Highly Confidential" Information shall make a reasonable good faith effort to ensure that any

7  analyses, memoranda, or notes which were internally generated by the Receiving Party based

8  upon such Information shall be treated in conformance with any such redesignation. Nothing in

9  this paragraph shall be construed to limit a party's right under ¶ 5 herein to challenge the

10  designation of Information as "Confidential" or "Highly Confidential." Any claim of inadvertent

11  production of privileged material shall be treated in the manner prescribed by applicable law.

12           (i)  "Competitive decisionmaking," as used in this Protective Order means having

13  a participatory role within the Receiving Party in the competitive business or marketing decisions

14  of the Receiving Party, including without limitation, the purchase and sale of electricity or

15  determining the price at which such transactions will occur.

16          **5.**     **Challenges.** If, at any time during the pendency of this litigation, a

17  Receiving Party claims that a Producing Party is unreasonably claiming certain Information to be

18  "Confidential" or "Highly Confidential," the parties shall attempt to resolve the dispute in good

19  faith on an expedited and informal basis. If they are unable to do so informally, the Receiving

20  Party may make an appropriate application to this Court, with the confidential-designated

21  portions kept under seal, requesting that certain Information be treated as non-confidential under

22  the provision of this Protective Order or that Information designated as "Highly Confidential" be

23  treated as "Confidential." The Producing Party shall have the burden of proof that its proposed

24  designation is justified. Pending the resolution of the informal dispute or court proceeding, the

25  party contesting the designation shall continue to treat the Information in accordance with its

26  current designation. If any party seeks to change or challenge the designation of any Information

21308967.9

1   disclosed or produced in the Arbitration, the party shall do so in accordance with the procedures

2   set forth in this Protective Order.

3        6.        **Conclusion of Action.**

4        (a)        Within ninety (90) days after the conclusion of this litigation (including

5   appeals), unless otherwise agreed by the parties, all confidential materials and/or Information

6   shall be returned to the party or non-party who produced such materials, or to their respective

7   counsel, and counsel for all parties shall confirm in writing that all such materials in their

8   possession or control have been returned.  Notwithstanding the foregoing provision, outside

9   counsel of record for a party in this litigation shall be entitled to retain all memoranda prepared

10  by them which contain designated Information and litigation papers containing designated

11  Information which become part of the record of this litigation, including pleadings, briefs,

12  deposition transcripts, and exhibits, but such memoranda and litigation papers shall not be

13  disclosed to anyone following termination of this litigation without the written permission of the

14  Producing Party or an order of this Court.

15       (b)        All obligations and duties arising under this Protective Order shall survive

16  the termination of this action and, in addition, shall be binding upon the parties to this action,

17  their successors and assigns (whether in whole or in part), affiliates, subsidiaries, their officers,

18  agents, representatives and employees.

19       (c)        This Court shall retain jurisdiction indefinitely with respect to any dispute

20  regarding the improper use of designated Information, to modify the terms of this Protective

21  Order, or to enter further Orders respecting confidentiality, as may be necessary.

22       (d)        The attorneys of record in this litigation shall retain the original executed

23  Declarations in the form attached hereto as Exhibit A.

24

25       7.        **Scope of Protective Order.**

26

*Calif. Ind. System Operator Corp. v. Reliant Energy Servs., Inc., et al.*, No. Civ. S-01-0238 FCD (JFM)
INTERIM PROTECTIVE ORDER REGARDING CONFIDENTIAL INFORMATION
11

21308967.9

1       (a)    Nothing in this Protective Order shall preclude any party from objecting to

2    the production of Information it considers to be not subject to discovery.  In particular, the fact

3    that this Protective Order establishes confidentiality protections for trade secrets and other

4    proprietary information does not imply that any party waives any right it otherwise has to object

5    to producing such information at all.

6       (b)    Nothing in this Protective Order shall preclude any party from applying to

7    the Court for an order compelling production of Information.

8       (c)    Nothing in this Protective Order shall be construed to relieve any party

9    from its obligation to timely respond to discovery as provided by any order of this Court or the

10    Rules of Civil Procedure, where applicable, unless (prior to the date for such response) the party

11    obtains from the Court an order relieving such party from its discovery obligation.

12       (d)    This Protective Order shall not diminish any existing obligation or right

13    with respect to "Confidential" or "Highly Confidential" Information, nor shall it prevent

14    disclosure to which the Producing Party consents in writing before the disclosure takes place.

15       (e)    Evidence of the existence or non-existence of a designation under this

16    order shall not be admissible for any purpose during any proceeding on the merits of this action.

17       (f)    Nothing in this Protective Order is intended to constitute an agreement

18    regarding the scope of discovery or a limitation on the scope of discovery.

19       (g)    This Protective Order, insofar as it restricts the communication and use of

20    Information, shall not apply to the introduction of evidence at trial.  However, any party may

21    seek appropriate court orders, including without limitation, an order that restricts the use of any

22    Information during the trial, requests that portions of the transcript be sealed, or restricts access

23    of the public to certain portions of the trial.

24    **IT IS SO ORDERED.**

25

26

*Calif. Ind. System Operator Corp. v. Reliant Energy Servs., Inc., et al.*, No. Civ. S-01-0238 FCD (JFM)
INTERIM PROTECTIVE ORDER REGARDING CONFIDENTIAL INFORMATION
12

21308987.9

1    DATED:  February _____, 2001.

2                                                              _____
                                                              Hon. Frank C. Damrell, Jr.
                                                              United States District Judge

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

21308967.9

1

**Exhibit A**

2

3

4

5                    UNITED STATES DISTRICT COURT

6                    EASTERN DISTRICT OF CALIFORNIA

7                         SACRAMENTO DIVISION

8

9    CALIFORNIA INDEPENDENT SYSTEM        No. Civ. S-01-0238 FCD (JFM)
     OPERATOR CORPORATION,

10                                         DECLARATION OF UNDERTAKING
                 Plaintiff,                AND COMPLIANCE
11

12         v.

13   RELIANT ENERGY SERVICES, INC., et
     al.,

14

15               Defendants.

16

17       I, _____, declare:

18       1.    My address is _____.

19       2.    My present employer is _____.

20       3.    My present occupation and job title are _____

21

22       _____.

23       4.    I have received a copy of the Protective Order Regarding Confidential

     Information ("Protective Order") entered in this action.  I have carefully read and understand the

24   provisions of it and agree that I will comply with all provisions of it.

25

26

*Calif. Ind. System Operator Corp. v. Reliant Energy Servs., Inc., et al.*, No. Civ. S-01-0238 FCD (JFM)
INTERIM PROTECTIVE ORDER REGARDING CONFIDENTIAL INFORMATION
14

21308967.9

1        5.     I submit to the jurisdiction of the United States District Court for the

2    Eastern District of California for purposes of enforcement of the Protective Order, and fully

3    understand that violation of the Protective Order is punishable by contempt of Court.

4        6.     I will hold in confidence, and will not disclose to anyone not qualified

5    under the Protective Order, any Information disclosed to me that is designated "Confidential" or

6    "Highly Confidential" or any words, summaries or abstracts thereof.

7         I declare under penalty of perjury under the laws of the United States of America

8    and the State of California that the foregoing is true and correct.

9         Executed this _____ day of _____, _____, at

10   _____.

11

12

13   _____     _____

14       (Print name)                    (Signature)

15

16

17

18

19

20

21

22

23

24

25

26

*Calif. Ind. System Operator Corp. v. Reliant Energy Servs., Inc., et al.*, No. Civ. S-01-0238 FCD (JFM)
INTERIM PROTECTIVE ORDER REGARDING CONFIDENTIAL INFORMATION
15

21308967.9

United States District Court
for the
Eastern District of California
February 20, 2001


* * CERTIFICATE OF SERVICE * *


2:01-cv-00238


CA Independent

    v.

Reliant Energy Svc

_____

I, the undersigned, hereby certify that I am an employee in the Office of
the Clerk, U.S. District Court, Eastern District of California.

That on  February 20, 2001, I SERVED a true and correct copy(ies) of
the attached, by placing said copy(ies) in a postage paid envelope
addressed to the person(s) hereinafter listed, by depositing said
envelope in the U.S. Mail, by placing said copy(ies) into an inter-office
delivery receptacle located in the Clerk's office, or, pursuant to prior
authorization by counsel, via facsimile.


        Norma G Formanek                MP/FCD
        NOT EDCA ADMITTED
        Farella Braun and Martel        CF/JFM
        235 Montgomery Street
        Suite 3000
        San Francisco, CA  94104

        Terry James Houlihan
        McCutchen Doyle Brown and Enersen
        Three Embarcadero Center
        San Francisco, CA  94111-4066

        Hiren Madhubhai Patel
        Attorney General's Office of the State of California
        PO Box 944255
        1300 I Street
        Suite 125
        Sacramento, CA  94244-2550

        Sidney Mannheim Jubien
        California State Electricity Oversite Board
        770 L Street
        Suite 1250
        Sacramento, CA  95814

                        Jack L. Wagner, Clerk

                        by: Deputy Clerk